IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

───────────────────────────────

| | | |
|---|---|---|
| NEELY L. BLACKMAN, SR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 3:04-CV-2456-H |
| | * | |
| CITY OF DALLAS, | * | |
| | * | |
| Defendant. | * | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant City of Dallas's Motion for Summary Judgment, and supporting brief and appendix, filed September 19, 2005; Plaintiff's Amended Response and Amended Appendix, filed November 3, 2005; Plaintiff's Brief in Support of Plaintiff's Response, filed November 3, 2005; Defendant's Reply Brief, filed November 17, 2005; Defendant's Motion to Strike Plaintiff's Summary Judgment Evidence, and supporting brief, filed November 17, 2005; and Plaintiff's Supplemental Response and Appendix, filed December 5, 2005.

For the reasons that follow, Defendant's motion for summary judgment is granted in its entirety.

### **I. Background**

Plaintiff *pro se* Neely L. Blackman, Sr., is an African-American man who has been an employee of the City of Dallas since 1990. During his tenure, Blackman asserts he has been passed over for promotion twelve times. In the years relevant to this lawsuit, he worked as a City of Dallas code inspector. Blackman asserts that his failure to be promoted from that position is the result of racial discrimination, and also the result of unlawful retaliation against him for complaining of discrimination, for filing internal grievances, and for filing a prior discrimination lawsuit against the

City.[1] Defendant City of Dallas answers that the promotion process is race-neutral, and that better-qualified applicants have been promoted in Blackman's stead.

On November 15, 2004, Plaintiff filed this case for disparate treatment and retaliation under Title VII of the Civil Rights Act of 1964, as amended, and under Section 1981, Chapter 42, United States Code.  *See* 42 U.S.C. § 2000e *et seq*. ["Title VII"]; 42 U.S.C. § 1981 ["Section 1981"]. Defendant City of Dallas now moves for summary judgment on all of Plaintiff's claims.

## II.  Summary Judgment Standard

Summary judgment is appropriate when the facts and law as represented in the pleadings, affidavits and other summary judgment evidence show that no reasonable jury could find for the nonmoving party as to any material fact. FED. R. CIV. P. 56; *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Innovative Database Systs. v. Morales*, 990 F.2d 217 (5th Cir. 1993). The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that demonstrate the absence of a genuine issue of material fact, but "is not required to negate elements of the nonmoving party's case." *Lynch Properties, Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322-25). If the movant fails to meet its initial burden, the motion must be denied, regardless of the nonmovant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

If the movant does meet its burden, the nonmovant must go beyond the pleadings and designate specific facts showing that a genuine issue of material fact exists for trial. *Matsushita*

---

[1] *Blackman v. City of Dallas*, Civ. No. 3:00-CV-0075-P (N.D. Tex.).  In that case, summary judgment was awarded to the City of Dallas on a variety of grounds, including lack of evidence of discriminatory intent. *See Blackman v. City of Dallas*, 2001 WL 182752 (N.D. Tex. 2001) (Solis, J.), *aff'd* 33 Fed. Appx. 704 (5th Cir. 2002), *cert. denied*, 540 U.S. 810 (2003).

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431 (5th Cir. 1998). A party opposing summary judgment may not rest on mere conclusory allegations or denials in its pleadings unsupported by specific facts presented in affidavits opposing the motion for summary judgment. FED. R. CIV. P. 56(e); *Lujan*, 497 U.S. at 888; *Hightower v. Texas Hosp. Assn.*, 65 F.3d 443, 447 (5th Cir. 1995).

In determining whether genuine issues of fact exist, factual controversies are construed in the light most favorable to the nonmovant, but "only if both parties have introduced evidence showing that a controversy exists." *Lynch*, 140 F.3d at 625; *see also Eastman Kodak v. Image Technical Servs.*, 504 U.S. 451 (1992). In the absence of any proof, the Court will not assume that the nonmoving party could or would prove the necessary facts. *Lynch*, 140 F.3d at 625. A party must do more than show some "metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. If the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991).

With this standard in mind, the Court turns to an analysis of the present motion.

### III.  Analysis

In Plaintiff's First Amended Complaint, filed March 30, 2005, the following five causes of action are asserted against the City of Dallas: (1) Title VII racial discrimination and retaliation for failure to promote Plaintiff to Administrator of the Urban Rehabilitation Standard Board ["URSB"] ["First Claim"]; (2) Section 1981 racial discrimination and retaliation for failure to promote Plaintiff to URSB Administrator ["Second Claim"]; (3) Section 1981 racial discrimination and retaliation for failure to promote Plaintiff to District Manager ["Third Claim"]; (4) Title VII racial discrimination and retaliation for failure to promote Plaintiff to District Interim Manager, and for involuntary

reassignment to another district ["Fourth Claim"]; and (5) Title VII retaliation for involuntary transfer to the URSB Structural Team ["Fifth Claim"].  The Court will address the claims in order.

A.     First Claim

With regard to the First Claim, brought under Title VII, the City argues as a preliminary matter that Plaintiff has neither alleged receipt of nor produced in discovery the required right-to-sue letter from the Equal Employment Opportunity Commission ["EEOC"]; and that the lawsuit should be dismissed as untimely.  *See  Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002), *cert. denied*, 537 U.S. 1200 (2003).  In the subsequently filed appendix, however, Plaintiff provides the EEOC letter, with a mailing date of Thursday, August 12, 2004.  Filed Monday, November 15, 2004, this lawsuit was initiated within the 90-day limit and is thus timely.  *See Franklin v. Burlington No. and Santa Fe Ry. Co.*, 2001 WL 1143145, *2  (N.D. Tex. 2001) (applying three-day presumption of receipt of EEOC letters), *aff'd*, 34 Fed. Appx. 963 (5th Cir. 2002); *see also Taylor*, 296 F.3d at 378 (adopting "presumption of receipt" rule); FED. R. CIV. P. 6(a) (allowing extension to Monday following weekend statutory limitation date).

Upon examination of the merits of Plaintiff's First Claim the Court concludes, however, that the claim though timely filed should not proceed to trial.  To overcome a motion for summary judgment on a Title VII discrimination claim, the plaintiff must first establish, by a preponderance of the evidence, a *prima facie* case of discrimination.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Haynes v. Pennzoil Co.*, 207 F.3d 296, 300 (5th Cir. 2000); *Shackelford v. Deloitte & Touche*, 190 F.3d 398, 404 (5th Cir. 1999).  A *prima facie* case of discrimination in a "failure to promote" case consists of four elements: (1) the employee is a member of the protected class; (2) he sought and was qualified for the position; (3) he was rejected for the position; (4) and the employer continued to seek applicants with the plaintiff's qualifications.  *Celestine v. Petroleos*

4

*de Venezuella, S.A.*, 266 F.3d 343, 354 -355 (5th Cir. 2001). Once established, the *prima facie* case raises an inference of intentional discrimination, and the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. *Id.* If the defendant satisfies this burden, the plaintiff must prove that the proffered reasons are pretextual. *Id.*

In this case, Plaintiff has met his *prima facie* burden. He alleges that he is an African-American; that he sought and was qualified for the position of URSB Administrator; and that a Caucasian man named Kinsworthy was selected instead. Defendant, in turn, has produced evidence that Kinsworthy was better qualified for the position. Because Defendant has met his burden of production, it falls to Plaintiff to prove that the City's hiring rationale is a pretext for discrimination. *Celestine*, 266 F.3d at 355. This Plaintiff cannot do.

Once a Title VII claim reaches the pretext stage, "the only question on summary judgment is whether there is a conflict in substantial evidence to create a jury question regarding discrimination." *Haynes*, 207 F.3d at 300. Where the pretext claimed is for promotion based on relative qualifications, a plaintiff may survive summary judgment and take his case to the jury by providing evidence that he was "clearly better qualified" than the employee selected for the position at issue. *Id.* at 357 (citing *Walther v. Lone Star Gas Co.*, 952 F.2d 119, 123 (5th Cir. 1992)). The single question for the trier of fact is whether the employer's preference of another applicant over the plaintiff was motivated by discrimination. *Id.* Evidence of the plaintiff's superior qualification is therefore probative of pretext. *Deines v. Texas Dept. of Prot. & Regulatory Servs.*, 164 F.3d 277, 281 (5th Cir. 1999). The "bar is set high" for this kind of evidence, however, because differences in qualifications are generally not probative evidence of discrimination unless those disparities are "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Celestine*, 266

F.3d at 357 (quoting *Deines*, 164 F.3d at 280-81); *see Ash v. Tyson Foods, Inc.*, --- U.S. ---, 126 S. Ct. 1195, 1197-98 (2006) (approving similar language as the appropriate standard, while rejecting a requirement that superior qualifications "jump off the page").

     In this case, after a full review of the record, the Court is of the view that no reasonable juror could find Plaintiff better qualified, or even *as* qualified, as Kinsworthy for the position of URSB Administrator. Kinsworthy had more than thirteen years of City supervisory experience, four of them directly applicable to the position at issue. *See* Def. Appx. at 31-32, 61-63. Plaintiff, in contrast, had only a few months of relevant management experience in his career. Def. Appx. at 11-12; *see also* Plf. Amnd. Appx., Exh. 11 (Blackman performance review); *id*. Exhs. 12, 13 (unsuccessful appeal of performance review). The gross disparity in relevant experience alone is dispositive of the issue.[2] In the absence of evidence that Plaintiff is clearly better qualified than Kinsworthy for the position, the Court declines to challenge the business judgment of the City in its staffing decisions. *See Deines*, 164 F.3d at 281 (applying the business judgment rule in the Title VII context) (citing *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995)); *see also Walton v. Bisco Indus., Inc.*, 119 F.3d 368, 372 (5th Cir. 1997) ("[D]iscrimination laws [are not] vehicles for judicial second-guessing of business decisions."). The record as a whole contains no glimmer of evidence from which the Court can reasonably infer unlawful motivation. With regard to the racial discrimination portion of the First Claim, Plaintiff's cause of action fails. *See id*.

---

[2] One of the many bald allegations in Plaintiff's First Amended Complaint is that the City places non-African-Americans in "interim" management positions to generate management experience, which then propels them into permanent management positions over African-American employees as better qualified. After a full review of the record, the Court finds no shred of admissible, non-conclusory evidence supporting that allegation. *See Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996) (disallowing unsupported speculation). Plaintiff conceded in the prior case, moreover, that at least one African-American has been appointed to such an interim managerial position. *See Blackman*, order at 10 n.3.

The retaliation portion of the First Claim fares no better.  To establish a *prima facie* case of retaliation, a Title VII plaintiff must show (1) that he engaged in an activity protected by the state; (2) that an adverse employment action occurred; and (3) that a causal link connects the protected activity and the adverse employment action. *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 883 (5th Cir. 2003), *cert. denied*, 540 U.S. 1107 (2004).  Defendant tacitly concedes the first two elements but challenges the existence of a "causal link."

With regard to the "causal link," a plaintiff need not prove that the alleged protected activity was the "sole factor motivating the employer's challenged decision." *Long v. Eastfield Coll.*, 88 F.3d 300, 305 n. 4 (5th Cir. 1996).  Some evidence must be presented, however, from which the district court can infer the required causation. *See id*.

In this case, no evidence is directly supportive.  Instead, Plaintiff relies solely on an inference of causation from the temporal proximity of his discrimination complaints to the denial of promotion.  For purposes of summary judgment, close timing between an employee's protected activity and an adverse action may indeed be sufficient to establish a *prima facie* case of retaliation. *Swanson v. General Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997).  Here, the alleged retaliatory conduct that forms the basis of the First Claim (failure to promote to URSB Administrator) occurred on or about January 15, 2003.  *See* EEOC Charge, Def. Appx. at 58.  Plaintiff concedes that the internal grievance at issue occurred in 1999, three or more years before the alleged retaliation.  *See* Plf. Amnd. Resp. at 5.  The prior EEOC charges filed by Plaintiff occurred in 1999 and 2000, two to three years before the promotion denial.  *See* Def. Appx. at 58.  The remaining instances of protected conduct related to the First Claim involve Blackman's prior federal lawsuit, and are (1) the filing of that lawsuit (January 13, 2000); (2) appeal of its dismissal (May 24, 2001); and (3) filing of a petition for *certiorari* to the United States Supreme Court (July

7

11, 2002). *See* Court's Docket, *Blackman*, No. 3:00-CV-0075-P. Those acts occurred three years, twenty months, and six months, respectively, before the alleged retaliation. Plaintiff cites no case in which a time lag of six-months or longer is deemed to generate an inference of retaliation by temporal proximity alone. *Cf. Handzlik v. United States*, 93 Fed. Appx. 15, 19 (5th Cir. 2004) (holding two months' time between a protected activity and adverse employment action to be enough to raise an inference of *prima facie* causation); *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001) ("[A] time lapse of up to four months has been found sufficient to satisfy the causal connection for summary judgment purposes."); *Douglas v. Mortenson Broadcasting Co.*, 2005 WL 2778538, *3 (N.D. Tex. 2005) (Sanders, J.) (holding a two-month lapse to be probative in the presence of other evidence of causation). Having failed to establish a causal connection between his protected conduct and the allegedly retaliatory event, Plaintiff does not state a *prima facie* case of retaliation under Title VII.

It is clear to the Court that Plaintiff sincerely believes himself to have been the victim of discrimination and retaliation. In the absence of supporting evidence, however, a belief, no matter how sincere, is not enough to carry a federal lawsuit to trial. *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996) ("[U]nsubstantiated assertions are not competent summary judgment evidence."); *Douglass v. United Servs. Automobile Assoc.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) ("[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden."); *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993) ("Summary judgment, to be sure, may be appropriate, even in cases where elusive concepts such as motive or intent are at issue . . . if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation."). Accordingly, the First Claim must be dismissed in its entirety.

B.      Second & Third Claims

Plaintiff's Second and Third Claims are brought against the City under Section 1981 of Chapter 42, United States Code ["Section 1981"].  *See* Amnd Compl. at 5-9.  That statute does not support a cause of action for violation by a state actor of an individual plaintiff's rights.  *Felton v. Polles*, 315 F.3d 470, 482 (5th Cir. 2002); *Jackson v. Dallas Indep. Sch. Dist.*, 1999 WL 58846, *2-3 (N.D. Tex. 1998 (Fitzwater, J.) (dismissing Section 1981 claims *sua sponte*).  Moreover, Plaintiff *pro se* was put on express notice of controlling law by the ruling in his prior discrimination case in the Northern District.  *E.g., Blackman*, 2001 WL 182752, at *4 (dismissing Blackman's Section 1981 claims against the City of Dallas).  Accordingly, the Second and Third Claims, brought improperly against the City under Section 1981, are dismissed.

C.      Fourth & Fifth Claims

With regard to Plaintiff's Fourth and Fifth Claims, Defendant asserts that because they are not a part of Plaintiff's EEOC Charge, they must be dismissed for failure to exhaust administrative remedies.  The Court agrees.

Compliance with the administrative review process provided by Title VII is a prerequisite for judicial review of a discrimination claim.  *Ray v. Freeman,* 626 F.2d 439, 442 (5th Cir. 1980); *see Messer v. Meno*, 130 F.3d 130, 134 (5th Cir. 1997), *cert. denied*, 525 U.S. 1067 (1999).  The scope of a Title VII complaint is limited to the scope of the EEOC investigation that can reasonably be expected to grow out of the charge of discrimination filed with that agency.  *Thomas v. Texas Dept. of Crim. Justice*,  220 F.3d 389, 395 (5th Cir. 2000) (citing *Sanchez v. Standard Brands*, 431 F.2d 455, 466 (5th Cir. 1970)).  The crucial element of a charge of discrimination is the factual statement contained therein.  *Sanchez v. Standard Brands, Inc*., 431 F.2d 455, 462 (5th Cir. 1970).  The central purposes of the charge are to invoke the EEOC's investigative and conciliatory

machinery, and to put the employer on notice of the existence and nature of the charges. *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878-89 (5th Cir. 2003).

In this case, Plaintiff's EEOC Charge, submitted October 10, 2003, alleges the following factual statement of harm: "On January 15, 2003, I found out that I was not selected for a promotion to Manager, URSB Board." Def. Appx. at 58. The "discrimination statement" alleges Title VII retaliation for filing previous EEOC charges, in or around 1999-2000, and also for making internal complaints with the City. *Id*. The allegation addressed directly in the Charge is Plaintiff's First Claim here. Plaintiff's Fourth and Fifth Claims, in contrast, are based on events that occurred in February 2005, more than two years after the events alleged in the Charge. Both of these claims, moreover, involve different people and different positions. The Fourth Claim alleges the discriminatory appointment over Plaintiff of James McKissick as interim district manager, and Blackman's transfer to another district. *See* Compl. at 9-10. The Fifth Claim does not allege a failure to promote at all, but rather involves Plaintiff's involuntary reassignment to the URSB Structural Team. *See id* at 10-11. Factually unrelated, the Fourth and Fifth Claims thus cannot be said to "grow out of" an EEOC investigation into the discrete event of the URSB Administrator application and appointment process. *Thomas*, 220 F.3d at 395.

It is undisputed that the EEOC Charge was never amended or supplemented; nor a new charge filed. Plaintiff argues that amendment or supplementation was not required because the facts here support a "continuing violation" for which his Charge gave sufficient notice. *See Huckabay v. Moore*, 142 F.3d 233, 238-40 (5th Cir. 1998). That argument fails here for the same reason that the same argument failed in Plaintiff's prior lawsuit against the City. An employer's failure to promote an employee is a discrete event that "cannot constitute a continuing violation under prevailing precedent." *Blackman v. City of Dallas*, 2001 WL 182752, *2 (N.D. Tex. 2001) (Solis, J.)

(dismissing discrete unrelated prior claims as time-barred), *aff'd* 33 Fed. Appx. 704 (5th Cir. 2002), *cert. denied*, 540 U.S. 810 (2003); *see, e.g.*, *Huckabay*, 142 F.3d at 240.  Accordingly, the factual allegation in Plaintiff's EEOC Charge in this case – "I was not selected for a promotion to Manager, URSB Board" -- does not support a continuing violation theory on which the EEOC might base an investigation into the later claims.

Accordingly, Plaintiff has failed to exhaust his administrative remedies with regard to the Fourth and Fifth Claims brought under Title VII.  *See Messer v. Meno*, 130 F.3d 130 at 134; *Ray v. Freeman,* 626 F.2d at 442.  They are therefore dismissed.[3]

D.   Contract Claims

Peppered throughout Plaintiff's Complaint are references to the City's breach of Plaintiff's employment contract, and interference with the same.  Plaintiff does not, however, meet his evidentiary burden of coming forward with evidence of an applicable contract or its terms.  *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (setting out a nonmovant's summary judgment evidentiary burden); *Lewis v. Bank of America N.A.*, 343 F.3d 540, 545 (5th Cir. 2003) (setting out the elements of breach of contract under Texas law), *cert. denied*, 540 U.S. 1213 (2004); *Thrift v. Estate of Hubbard*, 44 F.3d 348, 356 (5th Cir. 1995) (setting out the elements of tortious interference with contract).  These claims, to the extent they were intended to be alleged, are therefore dismissed.

### IV. Conclusion

For each of Plaintiff's five causes of action, the record taken as a whole reveals no genuine issue of material fact, and/or Defendant City of Dallas is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56.  Defendant's motion for summary judgment is therefore **GRANTED**.

---

[3] Although the Court does not reach a discussion of the merits of Plaintiff's Second, Third, Fourth and Fifth Claims, the record as a whole, as for the First Claim, raises no issue of material fact.  *See Grimes*, 102 F.3d at 139-40 (holding unsupported subjective belief and conclusory statements not to fulfill a summary judgment nonmovant's burden).

Because the Court has not considered inadmissible evidence, Defendant's Motion to Strike Summary Judgment Evidence is **MOOT**.  Final Judgment will issue by separate order.

SO ORDERED.

DATED: July 3, 2006.

_____
BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS